# Exhibit A
# State Court Record

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION  II
CIVIAL ACTION NO. 18CI-392

FILED

**ROBERT D. SHAVER**  **PLAINTIFF**

    610 Foxfire Road
    Elizabethtown, KY 42701

VS.                    **VERIFIED COMPLAINT**

**LIFE INSURANCE COMPANY OF NORTH AMERICA**        **DEFENDANT**

    **SERVE:**    Kentucky Secretary of State
                    700 Capital Avenue, Suite 152
                    Frankfort, KY 40601

    **SERVE:**    Mr. Michael James
                    Process Agent
                    Two Liberty Place
                    Philadelphia, PA 19192-2211

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

1. The Plaintiff, Robert D. Shaver (hereinafter "Mr. Shaver"), brings this action against the Defendant, Life Insurance Company of North America (hereinafter "LICNA"), for breach of an insurance contract. Mr. Shaver was a participant in a group disability insurance plan underwritten and administered by LICNA. This Complaint challenges LICNA's denial of Mr. Shaver's claim for Long Term Disability ("LTD") benefits despite medical evidence demonstrating his qualification for said benefits. Mr. Shaver is filing this action to recover benefits due under the LTD insurance policy, to declare his rights under the terms of the policies, and to recover costs and attorney's fees.

1

## PARTIES

2. The Plaintiff, Robert D. Shaver, is a resident of Elizabethtown, Hardin County, Kentucky. Mr. Shaver, at all times pertinent, was a participant in a group disability insurance plan that was issued to his employer, Science Applications International Corporation (hereinafter "SAIC") in Ft. Knox, Hardin County, Kentucky.

3. The Defendant, LICNA, is a Pennsylvania corporation with its principal office at Two Liberty Place, Philadelphia, PA 19192-2211. LICNA's registered agent is Michael James, Two Liberty Place, Philadelphia, PA 19192-2211. LICNA is a for-profit corporation and does business in the Commonwealth of Kentucky, deriving revenue from its business it conducts in Kentucky.

## JURISDICTION

4. Jurisdiction is proper in this Court because the damages sought are in excess of the minimum jurisdictional amount of the Court.

## VENUE

5. Venue is proper in this Court because Hardin County is where the contractual transaction took place.

## BACKGROUND

6. Mr. Shaver, age 64, worked for SAIC in Ft. Knox, Hardin County, Kentucky. Through this employment, he participated in a group disability insurance plan underwritten and administered by LICNA (Group Policy No. VDT-980116).

7. The plans' covered class includes Mr. Shaver.

8. As a full-time employee, Mr. Shaver became insured under the plan.

9. The policy provided for LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

10. The terms of the group policy defining disability are:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
1. *unable to perform the material duties of his or her Regular job; and*
2. *unable to earn 80% or more of his or her Indexed earnings from working in his or her Regular job.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
3. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and*
4. *unable to earn 60% or more of his or her Indexed Earnings.*

11. The policy has an exclusion for any pre-existing conditions for which the employee was treated, incurred medical expenses, or took prescription medication during a 90 day "look-back" period, in this case from June 26, 2016 to September 25, 2016.

12. LICNA denied Mr. Shaver's claim for LTD benefits on the basis that his disability was based upon pre-existing conditions, namely, low back pain, fibromyalgia, and post traumatic stress syndrome and anxiety. Because it relied upon the pre-existing exclusion, no determination was ever made as to whether Mr. Shaver met the definition for disability.

13. Mr. Shaver suffers from PTSD, anxiety, adjustment disorder, depression, and severe arthritis in both knees all of which prevent him from engaging in fulltime gainful employment. None of those conditions meet the policy's definition of "pre-existing" conditions.

14. Mr. Shaver was, in fact, doing very well from a health perspective when he was hired by Science Applications International Corporation (SAIC) as a Senior Business

Analyst. SAIC is a defense contracting company that works with the U.S. military. He started working there on September 26, 2016. He was not adequately trained for the job and was put under severe time deadlines that required him to work overtime, but he was not allowed to submit his overtime hours for pay. When he raised his concerns with his supervisors he was threatened with being placed in a program that is designed to allow them to fire an employee who doesn't meet production deadlines. In addition to the mental stress, the job caused him to have severe pain and swelling in his knees. The work environment became increasingly hostile and unbearable to the point that he sought counseling at the VA in January of 2017.

15. On January 12, 2017 Mr. Shavers began seeing Dr. Becky House, a psychologist at the VA. She diagnosed adjustment disorder with mixed anxiety and depressed mood. He returned for multiple counseling sessions without significant improvement. He was referred to Dr. Larry Meyers and Dr. Susan Bentley, psychiatrists at the VA. The VA doctors placed him off work due to his mental health conditions in January Of 2017.

16. On February 14, 2017 Dr. Meyers diagnosed PTSD as a major component of his condition. This was the first time in his lifetime that he had been diagnosed with and treated for PTSD.

17. In March of 2017 Dr. Bentley diagnosed major depressive disorder along with the PTSD. Never before in his lifetime had Mr. Shaver been diagnosed with or treated for this condition. Also in March, Dr. Mohsen Ehson diagnosed osteoarthritis in both of Mr. Shaver's knees that resulted in severe pain and swelling based upon x-rays

taken on February 13, 2017 that revealed moderately severe narrowing of the medial space with bone spurring in both knees.

18. Dr. Bentley noted in her May 9, 2017 note that Mr. Shaver's work situation overwhelmed him and exacerbated his underlying PTSD condition. It is important to reiterate that he was never diagnosed with or treated for his mental health conditions prior to January of 2017 and certainly not during the pre-existing exclusion period in the policy.

19. Dr. Ehsan, in a report dated 11-1-17, stated that the arthritis in the knees prevents Mr. Shaver from working even a sedentary job on a fulltime basis.

20. Dr. Bentley, in a report dated 11-13-17, stated that the PTSD, anxiety disorder, and adjustment disorder all preclude Mr. Shaver from working any job on a fulltime basis.

21. Mr. Shaver has not returned to work for SAIC or worked anywhere else since January of 2017. He remains under the care of the doctors at the VA for his very serious and ongoing medical conditions.

22. On August 12, 2017 the Social Security Administration determined that Mr. Shaver became permanently and totally disabled as of January 20, 2017.

23. Mr. Shaver continues to suffer from PTSD, anxiety, adjustment disorder and severe pain and swelling in both knees due to inflammatory arthritis. He cannot tolerate stress and time deadlines, he has memory and attention span issues, and is often depressed. His ability to effectively interact with the public, co-workers, and supervisors remains impaired. His ability to sit, stand, and walk remains severely impaired and he uses a scooter to ambulate outside the home. On certain days he is so depressed that he does

not feel like getting out of bed and, when he does get up, he isolates himself in his home; this occurs about five to six days every month.

24. Mr. Shaver received Short Term Disability benefits from LICNA until those benefits were terminated in July 2016. He applied for LTD benefits in July 2017 that were denied by LICNA. He appealed that denial but was informed in a letter from LICNA dated January 30, 2018 that the denial was affirmed, and he had exhausted his appeals. This lawsuit is the result of that termination of benefits.

25. As a result of LICNA's wrongful denial of LTD benefits Mr. Shaver has not received the LTD benefits he is entitled to under the policy.

## BREACH OF CONTRACT

26. Mr. Shaver was the beneficiary of a group LTD insurance policy underwritten and administered by LICNA.

27. Mr. Shaver has, in good faith, fulfilled all duties, terms and conditions required of him to receive those benefits.

28. LICNA has breached its duties under the policy by wrongfully denying the LTD benefits it was paying to Mr. Shaver.

29. As a direct and proximate cause of said breach of contract, Mr. Shaver has suffered the loss of LTD benefits. Specifically, Mr. Shaver is entitled to past-due benefits to July, 2017, plus interest, and future LTD benefits until his normal Social Security retirement age.

WHEREFORE, the Plaintiff demands the following relief:

1. Declaratory relief that he is entitled to LTD benefits, past, present and future, including

legal interest on the past-due amount;

2. For reimbursement of all his costs associated with filing this complaint, including any and all attorney fees;

3. For any and all other relief to which the Plaintiff may appear entitled under equity or law.

Respectfully Submitted,

_____
DANIEL E. MORIARTY
DANIEL E. MORIARTY, PLLC
301 E. Main Street, Suite 720
Lexington, Kentucky 40507
Phone: (859) 233-0705
Fax:    (859) 233-0537
danmoriarty@moriartylawoffice.com

## VERIFICATION

The allegations contained in the foregoing are true and correct to the best of my knowledge and belief.

_____
Robert D. Shaver

State of Kentucky)
County of Hardin)

Subscribed, sworn to and acknowledged before by Robert D. Shaver on this 1st day of March, 2018.

My commission expires: 04/24/2021

_____ #518155
Notary Public

7

| AOC-105  Doc. Code: CI | | Case No. 18CI-392 |
|---|---|---|
| Rev. 1-07  Page 1 of 1  Commonwealth of Kentucky  Court of Justice www.courts.ky.gov  CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District  County Hardin II |

**PLAINTIFF**

Robert D. Shaver
610 Foxfire Rd
Elizabethtown, KY 42701

vs.

**DEFENDANT**

Life Insurance Co. of North America
Two Liberty Place
Philadelphia, PA 19192

RECEIVED
APR 05 2018
SECRETARY OF STATE

**Service of Process Agent for Defendant:**
Serve: Michael James

---

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 4·2, 2018

LORETTA CRADY, CLERK

_____ Clerk
By: A. King _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title



| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>Office of the Secretary of State | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |
|---|---|---|

April 10, 2018

LIFE INSURANCE CO.
OF NORTH AMERICA
TWO LIBERTY PLACE
PHILADELPHIA, PA 19192

FROM: SUMMONS DIVISION
SECRETARY OF STATE

RE: CASE NO: 18-CI-392

COURT: Circuit Court Clerk
Hardin County, Division: 2
120 East Dixie Ave.
Ste. 1
Elizabethtown, KY 42701
Phone: (270) 766-5037

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.



7017 3380 0000 1608 0303

ALISON LUNDERGAN GRIMES
SECRETARY OF STATE
PO Box 718
Frankfort, Kentucky 40602-0718

REGISTER TO VOTE

LIFE INSURANCE CO.
OF NORTH AMERICA
TWO LIBERTY PLACE
PHILADELPHIA, PA 19192